**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROGER THOMPSON,

            Plaintiff,

vs.                                                Case No. 3:16-cv-628-J-JRK

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

            Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I. Status**

Roger Thompson ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of a "[p]late and pins [in the] pelvic area," a "metal rod in [the] back," and "diabetes." Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed August 10, 2016, at 53 (some capitalization omitted); see also Tr. at 62, 166. On September 13, 2012, Plaintiff filed an application for DIB, alleging an onset disability date of September 4, 2012. Tr. at 143-46. Also on September 13, 2012, Plaintiff submitted an amendment to the application, in which he alleged a new onset disability date of August 31, 2012. Tr. at 147-48. Plaintiff's application

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed August 10, 2016; Reference Order (Doc. No. 14), entered August 11, 2016.

was denied initially, see Tr. at 53-59, 61, 72-77, and was denied upon reconsideration, see Tr. at 62-70, 71, 82-87.

On September 15, 2014, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 23-52. The ALJ issued a Decision on November 7, 2014, finding Plaintiff not disabled through the date of the Decision. Tr. at 10-18. On April 27, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On May 23, 2016, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff makes one primary argument on appeal: that the ALJ "erred by not fully and fairly evaluating the medical evidence of record." Memorandum in Support of Complaint (Doc. No. 16; "Pl.'s Mem."), filed August 16, 2016, at 5 (emphasis and capitalization omitted). In support of this argument, Plaintiff contends the ALJ mistakenly found that Plaintiff had not been referred to a specialist, when in fact he had; and the ALJ found Plaintiff had refused an MRI, when in fact he had not. Id. at 6-8. Further, Plaintiff contends the ALJ inappropriately relied on the opinion of state agency consultant and non-examining physician Robert Whittier, M.D., because Dr. Whittier did not have all of the evidence of record before him when he rendered his opinion. Id. at 8-9. On December 9, 2016, Defendant filed a Memorandum in Support of the Acting Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing the argument raised by Plaintiff. After a thorough review of the entire record and

consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be affirmed.

## **II.  The ALJ's Decision**

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 12-18.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 31, 2012, the alleged onset date." Tr. at 12 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff "has the following severe impairments: diabetes mellitus, hypertension, status post multiple pelvic fractures with surgical repair, degenerative disc disease status post surgical repair, and degenerative joint disease." Tr. at 12 (emphasis and citation omitted).  At step three, the ALJ ascertained that "[Plaintiff] does not have an

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 12 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 404.1567(c) except: no climbing of ladders, ropes, and scaffolds; only occasional balancing, stooping, kneeling, crouching, crawling and climbing of ramps and stairs; must avoid concentrated exposure to vibration; and must avoid even moderate use of moving machinery or exposure to unprotected heights.

Tr. at 12-13 (emphasis omitted). At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "highway worker." Tr. at 16-17 (some emphasis, capitalization, and citation omitted). At step five, the ALJ considered Plaintiff's age ("62 years old . . . on the alleged disability onset date"), education ("a least a high school education and is able to communicate in English"), work experience, and RFC, and relied on the testimony of the VE to find Plaintiff is capable of performing work that exists in significant numbers in the national economy. Tr. at 17-18 (some emphasis omitted). Namely, the ALJ identified representative jobs of "Linen Room Attendant," "Hand Packager," and "Cook Helper." Tr. at 18. The ALJ concluded that Plaintiff "has not been under a disability . . . from August 31, 2012, through the date of th[e D]ecision." Tr. at 18 (emphasis and citation omitted).

## **III. Standard of Review**

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions

of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends overall that the ALJ did not fully and fairly evaluate the medical evidence. Pl.'s Mem. at 5. Specifically, he alleges the ALJ erred in formulating the RFC and discrediting Plaintiff's complaints of pain because of: 1) misstatements of fact; and 2) reliance on a medical opinion that was rendered without the benefit of all of the evidence of record. Id. at 5-9. These contentions are addressed below.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony, Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after

considering a claimant's complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence"). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

The Regulations establish a "hierarchy" among medical opinions[4] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of [any] treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical

---

[4] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(e).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(c), 416.927(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981) (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore, 405 F.3d at 1212; Lewis, 125 F.3d at 1440. "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

Here, Plaintiff alleges that the ALJ, in discrediting Plaintiff's testimony, misstated that Plaintiff had refused an MRI of his back. Pl.'s Mem. at 6. Plaintiff also alleges that the ALJ mistakenly wrote that Plaintiff had never been referred to a specialist, when in fact, Plaintiff had been referred to a pain management physician. Id. at 6-7. Defendant concedes the ALJ likely misstated that Plaintiff refused an MRI. Def.'s Mem. at 8. As to the referral to a specialist issue, Defendant contends that "the ALJ's statement about no specialty treatment was a typographical error." Id. at 6. Regardless of these alleged misstatements or inaccuracies, Defendant argues that substantial evidence supports the other factors

articulated by the ALJ in discrediting Plaintiff's subjective complaints of pain to the extent the alleged limitations are inconsistent with the RFC. Id. at 5-10.

It does appear that the ALJ misstated that Plaintiff had "refused to undergo an MRI." Tr. at 15. According to the ALJ, the alleged "refusal to undergo diagnostic imaging suggests that his symptoms were not significantly limiting." Tr. at 15. In fact, in March 2014, Plaintiff was "[w]aiting on insurance ok for MRI neck/shoulder," Tr. at 383, and by April 2014, Plaintiff's pain management doctor noted that the "MRI was denied," Tr. at 364. When read together, these statements suggest that insurance denied the MRI, rather than Plaintiff refusing to undergo one. Plaintiff did undergo x-ray imaging, as the ALJ recognized, and the ALJ correctly noted that the x-rays were "normal other than what appears to be degenerative disc disease and facet arthropathy." Tr. at 15; see Tr. at 364.

Regarding the other alleged misstatement that Plaintiff points to, the ALJ did state that Plaintiff "never sought or received treatment from a specialist and his general practitioner has rendered substantially all treatment." Tr. at 16. In fact, Plaintiff did receive treatment and two epidural injections for neck and shoulder pain from pain management specialist Scott Schimphff, M.D. See Tr. at 358-65. The ALJ, however, discussed Dr. Schimphff's treatment notes at length just prior to making the general observation that Plaintiff has not received treatment from a specialist, see Tr. at 15-16, evidencing that the ALJ was obviously aware Plaintiff had received such treatment.

In any event, the ALJ articulated other reasons for discrediting Plaintiff's subjective complaints of pain, see Tr. at 16, and these reasons are sufficient and supported by substantial evidence. First, the ALJ found Plaintiff's treatment was "routine and conservative

in nature." Tr. at 16. Second, the ALJ observed that Plaintiff's "general practitioner has rendered substantially all treatment." Tr. at 16. Third, the ALJ pointed out that "none of [Plaintiff's] treating or examining physicians rendered an opinion that is consistent with a finding that [Plaintiff] has been unable to perform substantial gainful activity for a period of 12 or more months." Tr. at 16. "In fact," the ALJ continued, "most of his physical examinations have [had] essentially unremarkable findings." Tr. at 16 (citations omitted). The ALJ concluded, "[T]he credibility of [Plaintiff's] allegations regarding the severity of his symptoms and limitations is diminished because those allegations are greater than expected in light of the objective and overall evidence of record." Tr. at 16. Plaintiff does not challenge any of these remaining findings, and they are supported by substantial evidence.[5] See Tr. at 326-29, 335-47, 351-56, 358-70, 372-430.

Nor does the undersigned find persuasive Plaintiff's contention that the ALJ's reliance on Dr. Whittier's opinion was improper in light of the treatment notes and evidence that post-date the opinion. The ALJ's Decision makes clear that the ALJ considered all of the treatment evidence, even that which was submitted after the opinion, in determining Plaintiff's RFC. See Tr. at 13-17. Further, the ALJ noted the opinion was "generally supported by the overall course and frequency of treatment . . . and not inconsistent with [Plaintiff's] activities of daily living, including his noted upper body exercise regimen." Tr. at 16; see, e.g., Tr. at 66-69 (Dr. Whittier's opinion), 395 (medical record documenting Plaintiff

---

[5] To the extent the administrative transcript does contain an opinion from Plaintiff's treating physician that he is unable to work, the opinion is dated May 10, 1999, well prior to the alleged onset disability date of August 31, 2012. See Tr. at 213-15. The ALJ specifically noted having considered this evidence "as part of [Plaintiff's] longitudinal history" but did not otherwise discuss the evidence in the Decision. Tr. at 14.

-10-

performs exercises each morning including "push ups, other arm/upper body workouts" and "[d]oes not note pain with this").

In sum, the ALJ's credibility and RFC findings are supported by substantial evidence in the record.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on August 21, 2017.

                                        JAMES R. KLINDT
                                        United States Magistrate Judge

kaw
Copies to:
Counsel of record